**XEROX CORPORATION, Plaintiff,**

v.

**IMATEK, INCORPORATED, Defendant.**

**No. CIV.A. RWT 03–2226.**

United States District Court,
D. Maryland,
Southern Division.

Feb. 19, 2004.

Rosemary Elizabeth Allulis, Sidney S. Friedman, Weinstock Friedman and Friedman PA, Baltimore, MD, for Plaintiff.

Alan David Eisler, Paley Rothman Goldstein Rosenberg Eig and Cooper Chtd, Bethesda, MD, for Defendant.

### MEMORANDUM OPINION

TITUS, District Judge.

I.

On July 7, 2003, Xerox Corporation ("Xerox") sued ImaTek, Incorporated ("ImaTek") for payments due on outstanding invoices and breach of contract. ImaTek answered Xerox's Complaint and asserted a more than sixty paragraph Counterclaim for breach of contract, fraud and unjust enrichment. In Paragraphs 8–20 of its Counterclaim, ImaTek alleges that, beginning in the mid–1990s, Xerox engaged in certain unorthodox accounting practices without reporting the results of those practices to the Securities and Exchange Commission. On November 4, 2003, Xerox filed an (Amended) Motion to Strike Paragraphs 8–20 of ImaTek's Counterclaim on the grounds that the allegations in those paragraphs are immaterial, imperti-

nent and scandalous pursuant to Federal Rule of Civil Procedure 12(f).[1] ImaTek opposes the Motion.

## II.

ImaTek opposes Xerox's Motion in part because ImaTek claims that Xerox rendered its Motion moot by answering ImaTek's Counterclaim on the same day that it filed its Motion to Strike. The Court finds that Xerox was within its right to file its Motion and answer ImaTek's Counterclaim on the same day in order to avoid protracted litigation. *See* 5A Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, § 1380 (1986). Xerox answered ImaTek's Counterclaim, in good faith, within the required time frame. Moreover, Rule 12(f) of the Federal Rules of Civil Procedure permits the Court "upon its own initiative at any time," to strike from any pleading any material that is immaterial, scandalous or impertinent." FED. R. CIV. P. 12(f). Therefore, Xerox's filing of an answer to the Counterclaim does not render its Motion to Strike moot.

## III.

ImaTek also opposes Xerox's Motion on the ground that the allegations in Paragraphs 8–20 of its Counterclaim are neither immaterial, nor prejudicial, citing *Hare v. Family Publications Service, Inc.*, 342 F.Supp. 678, 685 (D.Md.1972) ("...before a motion to strike will be granted the allegations must be both immaterial and prejudicial").[2] However, the courts are granted considerable discretion to determine motions to strike, especially if the allegations in the complaint will cause prejudice at a later date in the litigation. *See* 5A Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, § 1382 (1986).

The Court finds that the allegations in Paragraphs 8–20 of ImaTek's Counterclaim are both immaterial and prejudicial. In *Hare*, the Court struck a paragraph from a complaint that alleged the failure of a party to discuss settlement as "absolutely irrelevant." 342 F.Supp. at 685. Likewise, Paragraphs 8–20 in ImaTek's Counterclaim do not relate in any way to either parties' claims. Xerox's alleged violations of generally accepted accounting principles in reporting its profits and losses do not have any relevance whatsoever to ImaTek's claims for breach of contract, fraud or unjust enrichment. ImaTek's argument that the facts in Paragraphs 8–20 shed light on Xerox's motivation to breach its contract and commit fraud is unpersuasive. It is far more likely that ImaTek is attempting to use entirely unrelated legal controversies involving Xerox to "muddy the waters" in this relatively straightforward case. Furthermore, in addition to the costs required to discover and litigate all one hundred paragraphs of ImaTek's lengthy Answer and Counterclaim, Xerox would be prejudiced by the additional and unnecessary costs required to respond to ImaTek's wholly irrelevant allegations.

Additionally, on its own Motion, the Court finds that Paragraph 8 of ImaTek's Affirmative Defenses is also immaterial, impertinent and scandalous under the meaning of Federal Rule of Civil Procedure 12(f).[3] This defense alleges the exact same claims as ImaTek's Counterclaim Paragraphs 8–20.

---

**1.** In its original Motion to Strike, filed on November 4, 2003, Xerox only sought to strike Paragraphs 10–20 of ImaTek's Counterclaim. On the same day, Xerox filed a Motion to Amend its Motion to Strike to include Paragraphs 8 and 9.

Rule 12(f) of the Federal Rules of Civil Procedure states: "**Motion to Strike**. Upon motion made by either party before responding to a pleading, or if no responsive pleading is permitted by these rules, upon motion made by either party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. 12(f).

**2.** ImaTek also relies on *United States v. Fairchild Industries, Inc.*, 766 F.Supp. 405 (D.Md.1991); however, this case deals specifically with motions to strike insufficient defenses, which Xerox has not alleged.

**3.** Paragraph 8 of ImaTek's Affirmative Defenses reads as follows: "Xerox manipulated the amounts due under its agreements with ImaTek as a part of a broader scheme to accelerate earnings to meet Wall Street analyst expectations."

To allow ImaTek to plead and prove this paragraph as a defense would effectively permit ImaTek to submit its allegations in Paragraphs 8–20 of its Counterclaim through the back door. Therefore, the Affirmative Defense in Paragraph 8 must be stricken for the same reasons as Paragraphs 8–20 of ImaTek's Counterclaim.

Accordingly, Xerox's Motions to Strike are GRANTED. A separate Order follows.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this 19th day of February, 2004,

ORDERED:

1) Xerox Corporation's Motion to Strike and Amended Motion to Strike (Paper Nos. 13 and 14) are GRANTED;

2) Paragraphs 8–20 of ImaTek Incorporated's Counterclaim are hereby stricken from the record; and

3) On its own Motion, the Court orders that Paragraph 8 of the Affirmative Defenses asserted by ImaTek is hereby stricken.

